UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Petitioner*,
                          CASE NO. 11-50083

*v.*
                                   DISTRICT JUDGE THOMAS LUDINGTON
                                   MAGISTRATE JUDGE CHARLES BINDER

DOUGLAS R. POOLE,

    *Respondent*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION FOR SHOW CAUSE HEARING**
(Doc. 12)

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**II.**    **REPORT**

    **A.**    **Introduction**

By order of United States District Judge Thomas L. Ludington, this Petition to Enforce Internal Revenue Service ("IRS") Summons was referred to the undersigned magistrate judge on February 14, 2011. (Doc. 2.) On February 24, 2011, the undersigned ordered Respondent to show cause why the IRS summons should not be enforced and a hearing was scheduled in the event that no written response was filed. (Doc. 4.) Service of that order on Respondent was unsuccessful, and therefore Petitioner requested that service by publication be allowed (Doc. 7); the request was granted. (Doc. 9.) In the published notice, Respondent was ordered to either respond in writing on or before June 17, 2001, or appear in person before this Court on June 21, 2011. (Doc. 11.) No

proper written response was filed[1] and the hearing was held on June 21, 2011. Respondent failed to appear at the hearing.

Accordingly, Petitioner now moves for a Report and Recommendation which suggests that the district court: order Respondent's compliance with the petition; give Respondent a deadline for compliance; set a show cause hearing and require Respondent's presence at the hearing; and advise Respondent that failure to comply will result in potential penalties and the possible issuance of an arrest warrant. (Doc. 12 at 3-4.)

### B. Enforcement of Summons Standards

"In order to ensure the proper determination of tax liability, Congress 'has endowed the IRS with expansive information-gathering authority.'" *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732 (6th Cir. 2006). "Under [26 U.S.C.] § 7602, the Commissioner of the IRS is authorized, '[f]or the purpose of ascertaining the correctness of any return . . . [t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry' and to summon any person to produce such documents." *Id.* at 733 (citations omitted). However, "[t]he courts, and not the IRS, are authorized to enforce this summons power." *Id.* "[F]or the government to establish a prima facie case for enforcement, it must demonstrate that (1) the investigation has a legitimate purpose, (2) the information summoned is relevant to that purpose, (3) the documents sought are not already in the IRS's possession, and (4) the procedural steps required by the tax code have been followed." *Id.* (citing *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1964)). "This requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Will*, 671

---

[1] On June 17, 2011, an unknown individual delivered a notarized letter to the government, which purports to be from "Douglas Russell" and bears the case number of this action. (Doc. 12 at Ex. A.) The letter states, in part, that, "[a]s a man, I have Dominion over the earth, and am not subject to the codified laws of your Civil Society." (*Id.*)

2

F.2d 963, 966 (6th Cir. 1982) (affirming enforcement of summons over taxpayer's objection that summons was issued in bad faith).

"Once the government has made this prima facie showing, the burden shifts to the party being summoned to either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *Monumental Life*, 440 F.3d at 733 (quoting *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981)).

### C.   Analysis & Conclusion

In the instant case, the petition is supported by a declaration dated December 9, 2010, which was signed and made under penalty of perjury by Revenue Officer Jonathon V. Thomas of the Small Business/Self-employed Compliance Office of the IRS. (Doc. 1 at Ex. A.)[2] The summons originally sent to Respondent seeks records related to IRS Form 1040 for the tax year of 2007 and Form CIVPEN for the quarterly periods ending December 31, 2005, and December 31, 2007. (Doc. 1, Ex. B. at 3.) Although the summons required Respondent to appear on October 21, 2010, Respondent failed to so appear. (Doc. 1, Ex. A ¶ 7.) The IRS agent then sent a letter to Respondent requesting that Respondent meet with the agent on November 23, 2010, but Respondent again failed to appear. (*Id.* ¶ 8.) The declaration further states that the records sought are not already in the possession of the IRS. (*Id.* ¶ 9.)

I suggest that the agent's declaration satisfies the government's prima facie showing; thus, the burden rests on Respondent to either disprove the elements of the prima facie case or show that enforcement would be an abuse of the court's process. *See Monumental Life, supra*. To date,

---

[2] I note that a declaration that is signed, dated, and declared under penalty of perjury is the equivalent of an affidavit. *In Re Dana Corp.*, 574 F.3d 129, 150 (2nd Cir. 2009); *Lyons Trading, LLC v. United States*, No. 3:07-mc-13, 2008 WL 361533, at *5 n.1 (E.D. Tenn. Feb. 8, 2008); 28 U.S.C. § 1746.

Respondent has made no showing whatsoever, let alone one that would disprove the government's prima facie case. I further suggest that, because the summons seeks records from only two tax years, it is not unduly burdensome and, because it seeks records that are not already in the possession of the IRS, it appears that there is a legitimate purpose to the investigative summons as required by *Davis*, 636 F.2d at 1037. Finally, there is nothing on the face of the summons that would indicate any abusive purpose.

### D.     Relief

Based on the foregoing, I suggest that the government has established a prima facie case for enforcement of the petition and therefore is entitled to the relief sought in its motion. Accordingly, I recommend that an order issue from the District Court requiring Respondent's compliance with the petition, giving Respondent a deadline for compliance, setting a show cause hearing at which Respondent is required to appear, and warning Respondent that a failure to appear could subject Respondent to potential penalties, including contempt of court.

## III.   **REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

4

others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                               s/ Charles E Binder
                                               CHARLES E. BINDER
Dated: July 29, 2011                      United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Shne Waller, and served by first class mail on Douglas Poole, 2870 Dundas Rd., Beaverton, MI, 48612; and on Douglas Poole at P.O. Box 317, Beaverton, MI, 48612-0317.

Date: July 29, 2011                    By    s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder